# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 109 | **DATE** | 5/13/2004 |
| **CASE TITLE** | KPASA, LLC v. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

United States' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, this court finds that Case Nos. 04 C 109, 04 C 110, and 04 C 115 are related and should be consolidated, with the consolidated action to be reassigned to this court. Consistent with Local Rule 40.4, the court will forward a copy of this decision to the Executive Committee, along with a request for reassignment.

(11) [For further detail see order attached to the original minute order.]

✓ No notices required, advised in open court.
  No notices required.
  Notices mailed by judge's staff.
  Notified counsel by telephone.
  Docketing to mail notices.
  Mail AO 450 form.
  Copy to judge/magistrate judge.

acd/lc    courtroom deputy's initials

date docketed: MAY 17 2004

Document Number: 18

| | |
|---|---|
| KPASA, LLC, ) | |
| ) | |
| Petitioner, ) | No. 04 C 109 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner KPASA, LLC filed a Petition to Quash Summons issued by respondent United States of America.[1] Petitioner has now moved pursuant to Fed. R. Civ. P. Rule 42 to consolidate the instant case with *SRK Wilshire Partners v. United States of America* (Case No. 04 C 110) and *Shahid R. Khan and Ann C. Khan v. United States of America* (Case No. 04 C 115), both of which are also pending in the United States District Court for the Northern District of Illinois. For the foregoing reasons, this court grants petitioner's motion to consolidate.

I.  **Background**

   A.  **The Three Petitions to Quash**

KPASA commenced the instant action on January 8, 2004. On the same day, SRK Wilshire Partners and the Khans commenced their respective actions against the United States by

---

[1] Although the parties, in their submissions to the court, have designated KPASA, LLC "plaintiff" and the United States "defendant," due to the nature of this action, these parties are more properly described as "petitioner" and "respondent," respectively.

filing Petitions to Quash Summons, as well. As explained by petitioner, KPASA, SRK Wilshire Partners, and the Khans are all related entities. Moreover, all three entities are represented by the same counsel in their respective actions.[2]

Petitioner contends that all three actions emanate from the same set of operative facts and seek the same remedy. A cursory review of the three petitions supports petitioner's characterization. Specifically, on or about December 19, 2003, the Internal Revenue Service ("IRS") issued summonses to BDO Seidman, the public accounting firm utilized by KPASA, SRK Wilshire Partners, and the Khans to handle their accounting needs. The IRS summonses requested production of documents concerning KPASA, SRK Wilshire Partners, and the Khans (including their tax returns), as well as testimony concerning the requested documents. Each of the three actions seeks an order quashing the respective underlying summonses, and the three actions are premised on precisely the same legal grounds (*i.e.*, that the summonses were issued for an improper purpose, improperly seek documents that are not relevant to the IRS' determinations, seek information already within the IRS' possession, do not comply with administrative and statutory requirements, seek privileged information and materials, *etc.*).

## B. KPASA's Motion to Consolidate

KPASA seeks the consolidation of the three above-referenced actions. First, KPASA contends that all three actions share common questions of fact and law and involve the same

---

[2] In an affidavit submitted with petitioner's reply memorandum, petitioners' counsel testified that he made an inquiry at the Clerk's Office of the United States District Court for the Northern District of Illinois concerning the proper procedure for service of the underlying Petitions to Quash. He further testified that the Clerks' Office unequivocally advised him that it would not issue a summons for a petition to quash an IRS summons and that the proper method of service of such a petition to quash was service with the petitions of notices of motion advising the government of the date and time for presentment of the petitions.

issues as to the propriety of the IRS' summonses. Moreover, it notes that all three actions involve the same respondent and the same attorneys. Finally, petitioner argues that consolidation of the three matters and resolution of the same before this court (which presides over the first-filed of the three cases) is in the best interests of all the parties and serves the interest of judicial economy. On these grounds, petitioner contends that the three actions may be consolidated in line with the standard set forth in Rule 42 of the Federal Rules of Civil Procedure.

### C. The United States' Response

In its "Memorandum of Law in Opposition to [KPASA's] Motion to Consolidate," the government expressly states that it does *not* oppose consolidation of the above three actions (*i.e.*, Case Nos. 04 C 109, 04 C 110, and 04 C 115). (Mem., p.1) ("the United States does not oppose consolidation of these three cases"). *See also* Mem., p. 2. The government nonetheless raises two collateral points, purportedly in opposition to petitioner's motion: (1) all three cases should be stayed pending proper service of process; and (2) "if and when a proper motion to reassign has been made," reassignment of all three cases should be made to the Honorable Judge James F. Holderman, who presides over an earlier-filed, allegedly related case also pending in the United States District Court for the Northern District of Illinois, *United States v. BDO Seidman*, LLP (Case No. 02 CV 4822) ("the BDO case"). *See* Mem., p. 1. Implicit in the government's arguments is its assent to the notion that the three actions are related and should be consolidated.

## II. Relevant Standards

Rule 42 of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial

-3-

of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Local Rule 40.4 is also relevant to the disposition of KPASA's motion, as it defines when cases are "related" and sets forth the circumstances under which reassignment of cases is appropriate. In relevant part, it provides that two or more civil cases are related if they "involve some of the same issues of fact or law" or "grow out of the same transaction or occurrence." L.R. 40.4(a). It further provides that a case may be reassigned to the calendar of another judge if it is related to an earlier-numbered case assigned to that judge and: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). Finally, this Local Rule sets forth certain requirements for motions to reassign and provides that such motions must be presented to the district judge presiding over the lowest-numbered case among the cases targeted for consolidation. *See* L.R. 40.4(c) & (d).

### III. Analysis

#### A. The Parties and the Court Agree that the Cases Are Related and that Consolidation and Reassignment Are Appropriate.

As set forth above, the United States has expressly declined to interpose any objection to the consolidation of these three cases and, in fact, has conceded that they are related and should be consolidated. Against the backdrop of the parties' unequivocal agreement on this point, the

court also agrees and finds that the three cases are related and should be consolidated.

First, these three cases clearly "involv[e] a common question of law or fact." *See* Rule 42(a). All three petitions challenge the enforceability of the December 2003 summonses issued by the IRS to BDO Seidman requesting documents relating to the three petitioners (related entities) and do so on precisely the same legal grounds. Consolidating these actions will also serve the interest of judicial economy, in that it will prevent duplication of judicial effort in handling what will likely be the same or similar legal issues. Moreover, consolidation and reassignment of the actions is consistent with Local Rule 40.4(a), in that the actions "involve some of the same issues of fact or law" *and* "grow out of the same transaction or occurrence." L.R. 40.4(a). Reassignment is also appropriate under the criteria set forth in L.R. 40.4(b), as all three cases are pending in the United States District Court for the Northern District of Illinois, the handling of these cases by the same judge is likely to result in a substantial saving of judicial time and effort, no delay will result from consolidation and reassignment (as all three cases are at precisely the same stage of litigation), and the cases are susceptible of disposition in a single proceeding. Based upon these considerations, and after consulting with the judges presiding over the other two cases, this court concludes that the cases are related and that consolidation and reassignment are appropriate.

### B. The United States' Collateral Arguments Are Irrelevant to the Court's Disposition of KPASA's Motion.

Notwithstanding its lack of any objection to the consolidation of the three cases, the United States contends that it has not yet been properly served and offers this purported fact as a basis for staying or dismissing the instant proceeding, in lieu of granting KPASA's motion at this

time.[3] Citing Fed. R. Civ. P. Rule 4(i)(1)(A), the government contends that service upon the United States may be commenced only by properly serving the United States with a copy of both a complaint and a summons. The government further contends that this requirement applies with equal force to a petition to quash an IRS summons. As support for this proposition, the government cites two cases from outside of the Seventh Circuit – *Smith v. Rossotte*, 250 F. Supp. 2d 1266, 1268 (D. Oregon 2003) (granting motion to dismiss petition to quash notice of levy issued by IRS on account of the petitioner's failure to properly serve the United States in the manner prescribed by Rule 4); and *Kish v. United States*, No. 1:95:MC:109, 1996 U.S. Dist. LEXIS 2530, at *3-4 (W.D. Mich. 1996) (recommending that petition to quash IRS summons be dismissed based upon the petitioner's failure to serve the United States in the manner prescribed by Rule 4).

Here, the government apparently is not quarreling with how (*i.e.*, by mail, *etc.*) or upon whom (*i.e.*, which person and/or office) KPASA sought to effect service, but only with the fact that the petition was not accompanied by a summons. That is, the government premises its contention that KPASA failed to comply with the dictates of Rule 4(i)(1) solely upon KPASA's failure to serve a summons. On that basis, the government requests that the instant action be dismissed or stayed pending effective service.

However, KPASA contends that its service upon the United States complied with the requirements of section 7609, which authorizes and governs both the issuance of IRS summonses

---

[3] The United States contends that, with respect to all three of the related actions filed on January 8, 2004, it has not yet answered because it has not yet been served with process. Regardless of the government's strategic representations herein, at least one reason that it has not yet filed a responsive pleading in the instant case is that this court ordered that the time for doing so be held in abeyance until the court ruled on KPASA's pending motion to consolidate.

and petitions to quash the same. Section 7609 provides, in pertinent part, as follows:

> (2) Proceeding to quash.
>
> . . .
>
> (B) Requirement of notice to person summoned and to Secretary. If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B). Citing the squarely on-point decision in *Vano v. United States*, 181 F. Supp. 2d 956, 958 (N.D. Ind. 2001), KPASA contends that petitions to quash IRS summonses need not be accompanied by service of a summons because section 7609 does not so require and, instead, sets forth specific procedural requirements for service of petitions to quash, with which KPASA complied in this case.[4] *See also Jones v. United States*, No. 03 C 2876, 2003 U.S. Dist. LEXIS 20854, at *4 (N.D. Ill. Sept. 26, 2003) ("[i]t appears . . . that § 7609(b)(2)(B) governs [the petitioner's action to quash IRS summons], not Rule 4") (J. Holderman).

At this juncture, it is unnecessary for the court to add its voice to the dissonant authority concerning whether section 7609 exclusively establishes the service requirements for petitions to quash IRS summons or whether section 7609 and Rule 4 together establish those requirements. This is so because the government has failed to cite any authority for the rather illogical

---

[4] Claiming that *Vano* was wrongly decided, the government argues that section 7609 merely interposes an additional jurisdictional threshold to bring a petition to quash (*i.e.*, that the petition must be filed within 20 days of receipt of notice of the administrative summons), but does not alter the service requirements. This court finds the government's anemic argument on this point much less persuasive than the two district court cases from within this Circuit that reached the opposite conclusion. Moreover, only one of the two cases from outside of this Circuit cited by the United States (*Kish*) even dealt with a petition to quash an IRS summons, and the magistrate judge in that case did not mention section 7609 in analyzing the propriety of service there (rendering that decision relatively less persuasive herein, as well).

proposition that all three cases should be stayed, and not yet consolidated, pending proper service of process. Indeed, this court can think of no compelling reason, even if proper service has not yet been effected, for staying the instant case and declining to consolidate three cases that the parties agree should be consolidated. To the contrary, even if service was improper, consolidation of the cases would better serve the interests of judicial economy. If the government decides to *properly* challenge petitioners' service in all three cases, consolidation of the cases would facilitate a more economical and expeditious handling of that challenge, as it would take the form of a single motion to dismiss.

The only other obstacle thrown up by the government to consolidation of the three cases and the concomitant reassignment of the two later-filed cases is a rather confusing dual contention. The government argues that a motion to reassign should generally follow the service of responsive pleadings (suggesting, therefore, that reassignment here is not yet proper) and that, once proper service has occurred in the present case, all three cases should be consolidated with the BDO case (a two-year old case currently before Judge Holderman).

The government's circuitous attack upon the consolidation of these three actions and their reassignment before this court is unavailing. First, the Local Rule's general commentary concerning the timing of motions to reassign, by its terms, does not prohibit the reassignment or consolidation of cases prior to the filing of a responsive pleading. Further, in quoting this Local Rule, the government conspicuously omitted language expressing its general purpose -- *i.e.*, "*In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment*, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." LR 40.4(c)(2)

(emphasis added). That interest is simply not implicated here, where the United States has clearly weighed in on the issue of the cases' relatedness and has, in fact, agreed that the cases are related and should be consolidated.

Moreover, it would be entirely improper for this court, at this point in the litigation or ever, to rule upon the relatedness of these three cases to the BDO case and/or, on that basis, to consolidate the three cases with the BDO case. The BDO case was initiated by the United States' filing on July 9, 2002 of a Petition to Enforce Internal Revenue Service Summons and is currently pending before Judge Holderman.[5] Under the Local Rule cited by the government, a motion for reassignment may only "be filed with the judge before whom the lowest-number case of the claimed related set is pending" – with respect to the BDO case, Judge Holderman. LR 40.4(c)(2). In any event, the government has not filed a motion to consolidate the three cases with the BDO case and/or to reassign the consolidated action to Judge Holderman, and the possibility that it may choose to do so in the future presents no bar to this court's consolidation of the three cases on KPASA's motion for the same.

---

[5] In that case, which was filed approximately one and a half years prior to the instant case and the other two related cases filed on that date, the United States seeks to enforce a series of twenty summonses issued on May 2, 2002.

## IV. Conclusion

For the foregoing reasons, this court finds that Case Nos. 04 C 109, 04 C 110, and 04 C 115 are related and should be consolidated, with the consolidated action to be reassigned to this court. Consistent with Local Rule 40.4, the court will forward a copy of this decision to the Executive Committee, along with a request for reassignment, as set forth herein.

Enter:

David H. Coar
United States District Judge

Dated: May 13, 2004